LDA

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| In re: Brushy Brook Development Co., LLC | ) | Chapter 7 |
| | ) | Case No. 05-13009 |
| Debtor, | ) | |
| | ) | Judge Arthur N. Votolato |
| Charles A. Pisaturo Jr., Trustee, | ) | |
| Plaintiff, | ) | Adv. Pro. No. 07-01041 |
| vs. | ) | |
| Grant Schmidt, M.D. and Thompson Hine LLP | ) | CA 07 393ML |
| Defendants. | ) | |

**DEFENDANT THOMPSON HINE LLP'S MOTION**
**FOR ORDER WITHDRAWING THE REFERENCE**

Defendant Thompson Hine LLP ("Thompson Hine"), pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), and Local Bankruptcy Rule 5011-1, respectfully moves the District Court for an Order immediately withdrawing from the Bankruptcy Court the reference of the above-captioned adversary proceeding (the "Motion").

A memorandum in support of this Motion is attached hereto and incorporated herein. A District Court Civil Cover Sheet is attached as **Exhibit A**.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| In re: Brushy Brook Development Co., LLC | ) | Chapter 7 |
| | ) | Case No. 05-13009 |
| Debtor, | ) | |
| | ) | Judge Arthur N. Votolato |
| Charles A. Pisaturo Jr., Trustee, | ) | |
| Plaintiff, | ) | Adv. Pro. No. 07-01041 |
| vs. | ) | |
| Grant Schmidt, M.D. and Thompson Hine LLP | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THOMPSON HINE LLP'S MOTION FOR ORDER WITHDRAWING THE REFERENCE**

Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), and Local Bankruptcy Rule 5011-1, Defendant Thompson Hine LLP ("Thompson Hine") submits this Memorandum of Law in support of its *Motion for an Order Withdrawing the Reference* (the "Motion"). As more fully set forth below, cause exists for withdrawal of the reference of this adversary proceeding to the Bankruptcy Court, as Thompson Hine is entitled to demand and has demanded a trial by jury of the legal claims asserted in the Plaintiff's Complaint (defined below) and does not consent to the Bankruptcy Court conducting such trial. Moreover, the claims asserted in the Complaint are non-core,[1] and the interests of judicial efficiency, uniformity, and the economical use of the parties' resources weigh heavily in favor of the immediate withdrawal of the reference.

[1] Simultaneous with the filing of the Motion, Thompson Hine filed a separate motion with the Bankruptcy Court seeking a determination that the claims asserted in the chapter 7 trustee's Complaint are non-core.

## INTRODUCTION

On August 16, 2005 (the "Petition Date"), certain petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against Brushy Brook Development Co., LLC (the "Debtor"). On March 1, 2006, this Court entered an order for relief under chapter 7 of the Bankruptcy Code. On March 3, 2006, the United States Trustee appointed Charles A. Pisaturo Jr. as chapter 7 trustee of the Debtor's estate.

Prior to the Petition Date, Thompson Hine represented Grant Schmidt, M.D. ("Dr. Schmidt") in his role as a member of Brushy Brook Management Company, LLC, with respect to the sale (the "Sale") of approximately 357 acres of the Debtor's property in Hopkinton, Rhode Island ("Hopkinton Property") to Boulder Brook Development, LLC ("Boulder Brook"). The purchase price for the Hopkinton Property, as approved by the members of the Debtor, was $5.5 million. The Sale was structured so that $2.1 million was received in cash, with the balance to be paid through a secured note. The Sale generated enough cash proceeds to immediately pay all secured creditors in full, with some, but not all, unsecured creditors being paid as well. The anticipated proceeds from the payment of the note were sufficient to satisfy all creditors of the Debtor.

On August 15, 2007, Charles A. Pisaturo Jr. (the "Plaintiff") filed his complaint (the "Complaint") against Thompson Hine and Dr. Schmidt seeking monetary damages under various legal theories. In the Complaint, Plaintiff asserts the following two causes of action against Thompson Hine and Dr. Schmidt: Breach of Fiduciary and Other Duties (Count I), and Negligence (Count II). As to Thompson Hine, the Complaint is premised upon the alleged

malpractice theory that Thompson Hine did not conduct adequate due diligence, and failed to consider the risks associated with the Sale of the Debtor's Hopkinton Property to Boulder Brook. Specifically, the Complaint alleges in Count I that "Thompson Hine similarly failed to carry out its duties, including, without limitation, its fiduciary duties, duties of care and loyalty to Brushy Brook, its creditors, equity interest holders and others… by causing and allowing the Debtor to enter into the referenced transaction with Boulder Brook without having conducted appropriate investigation and due diligence." For Count II, the Complaint simply reiterates statements in Count I couched in terms of negligence: "Dr. Schmidt and Thompson Hine's actions, failings and omissions in this regard were negligent, with Thompson Hine's actions, failings and omissions also constituting professional malpractice." Plaintiff then concludes his Complaint with a request for a money judgment of not less than $3.227 million.

To avoid the unnecessary delay and expense which would result if the adversary proceeding continued in the Bankruptcy Court, and in recognition of the fact that the District Court would be required not only to conduct the jury trial but to also conduct *de novo* review of all findings of fact and conclusions of law rendered by the Bankruptcy Court, Thompson Hine respectfully submits that cause for withdrawal of the reference exists and the Motion should be granted accordingly.

## ARGUMENT

**Cause Exists for Withdrawal of the Reference**

Pursuant to 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Cause" for withdrawal of the reference is not defined in 28 U.S.C. § 157 or in the Bankruptcy Code. As a result, courts have considered a

number of non-exclusive factors in evaluating whether cause exists.[2] *See In re Orion Pictures Corp.*, 4 F.3d 1095 (2nd Cir. 1993). *See also, In re Valencia Corp.*, 169 F. Appx. 712, 716 (3rd Cir. 2006); *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002); *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). These factors include: (i) existence of the right to trial by jury; (ii) whether the action is core or non-core; (iii) judicial economy; (iv) uniform bankruptcy administration; (v) reduction of forum shopping; (vi) economical use of the parties' resources; and (vii) expediting the bankruptcy process. See *Orion Pictures*, 4 F.3d at 1101. Requisite cause may be found "if one or more of [the] factors is present." See *In re Almacs*, 202 B.R. 648, 658 (D.R.I. 1996), quoting *United States v. Kaplan*, 146 B.R. 500, 504 (Bankr. D. Mass. 1992). Here these factors establish that immediate withdrawal of the reference of this adversary proceeding is warranted.

## I. Thompson Hine Has a Right of Trial by Jury of the Legal Claims in the Complaint

The Seventh Amendment to the United States Constitution guarantees that "[i]n Suits at common law...the right of trial by jury shall be preserved." U.S. Const. Amend. VII. "Suits at common law" are those "'in which *legal* rights were to be ascertained and determined, in contradiction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Granfinancieria, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989)(emphasis in original). In short, the Seventh Amendment protects a litigant's right to a jury trial if a cause of action is "legal in nature and involves a matter of 'private right.'" *Id.* at 41.

Actions at law seeking money damages must be tried by jury unless the action involves a public right, as opposed to a private right, for which Congress has denied the right for trial by

---

[2] Although there is no discrepancy among the Circuit Courts, Thompson Hine notes that "the First Circuit has not yet addressed the 'cause' requirement." See *In re Envisionet Computer Services, Inc.*, 276 B.R. 7, 10 (D. Me. 2002), citing *In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 724 (D.P.R. 1994).

jury. *Granfinanciera*, 492 U.S. at 51. Citing its decision in *Crowell v. Benson*, 285 U.S. 22 (1932), the *Granfinanceria* Court stated that private rights involve the "liability of one individual to another under the law as defined… in contrast to cases that arise between the Government and persons subject to its authority in connection with the performance of constitutional functions of the executive and legislative departments." See *Granfinanciera*, 492 U.S. at 51.

For legal claims carrying a right to trial by jury, the law is clear that in the federal system such claims must be tried before an Article III judge except in special circumstances enumerated in the United Sates Code. *See Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50 (1982) (finding Congress's overly broad grant of jurisdiction to bankruptcy courts under the Bankruptcy Act of 1978 was unconstitutional). In response to the *Marathon Pipeline Co.* decision, Congress enacted 28 U.S.C. § 157, which permits bankruptcy courts to conduct jury trials, but only with the consent of all of the parties. *See* 28 U.S.C. § 157(e) (authorizing bankruptcy judges to conduct jury trials "if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties").

In the absence of such consent by all parties, the reference to the bankruptcy court must be withdrawn and the jury trial conducted by the district court under both statutory and constitutional law. "One circumstance where courts have found good cause to withdraw a reference is where a party has a right to a jury trial as to a pending issue and refuses, as it may, to have the bankruptcy court conduct the jury trial." See *Container Recycling Allaince v. Lassman*, 359 B.R. 358, 361 (D. Mass. 2007), citing *Nickless v. Creare, Inc. (In re Haverhill Tech. Group)*, 310 B.R. 478, 481 n. 7 (Bankr. D. Mass. 2004) ("Because the Defendants do not consent to a jury trial in this Court, the adversary proceeding must be tried in the district court." ); *see also Orion Pictures*, 4 F.3d at 1101; *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905,

908 (D. Del. 1996). "The right to a jury trial is an important right, and if it can be vindicated fully only by withdrawal of the reference, then surely there is good cause for the withdrawal." See *Container*, 359 B.R. at 361.

In this matter, the Plaintiff has asserted two state law claims against Thompson Hine that are legal in nature, involving purely private rights that consequently are protected by the Seventh Amendment right to trial by jury. Plaintiff seeks purely monetary damages under state law for breach of fiduciary duty and professional malpractice. Thompson Hine has demanded a jury trial in its answer to the Complaint and does not consent to the Bankruptcy Court conducting a jury trial. Accordingly, on that basis alone, under the authorities cited herein, cause exists for immediate withdrawal of the reference.

## II. The Claims Asserted in the Complaint are Non-Core

As thoroughly briefed in the *Motion for Order Determining that the Claims in the Chapter 7 Trustee's Complaint are Non-Core*, the claims asserted in the Complaint are clearly non-core. The Plaintiff's claims for breach of fiduciary duty and professional malpractice are state law claims that arose prior to the filing of the Debtor's case and do not involve substantive rights created by federal bankruptcy law.

In accordance with the above authorities and legal principles set forth therein, the non-core characteristic of the causes of action in the Complaint represents additional cause supporting the withdrawal of the reference of the adversary proceeding to the Bankruptcy Court.

## III. Other Considerations Establish that Withdrawal of the Reference is Warranted

The interests of judicial efficiency, uniformity of the bankruptcy laws and economical use of the parties' resources establish that the withdrawal of the reference of this adversary proceeding is warranted. As previously highlighted, Thompson Hine is entitled to have the legal

claims asserted by the Plaintiff tried before a jury and has not consented for such trial to be conducted by the Bankruptcy Court. Consequently, the District Court will conduct the trial of this adversary proceeding and, for this reason, should immediately withdraw the reference so as to allow the Judge who will ultimately try the case to become educated about the multitude of facts relevant to the transaction and series of events at the heart of this dispute.

Additionally, as noted above and fully briefed by a separate motion, the claims in the Complaint are non-core with respect to which the Bankruptcy Court will not be permitted to issue final findings of fact or conclusions of law without the consent of all parties. See 11 U.S.C. § 157(c)(1). In the instant matter, Thompson Hine has not consented to the Bankruptcy Court rendering final findings of fact and conclusions of law. Therefore, if the reference is not withdrawn, all findings of fact and conclusions of law will be required to be submitted to the District Court for *de novo* review, resulting in the unnecessary expenditure of judicial and litigant resources. See *In re Almacs*, 202 B.R. 648, 658 (D.R.I. 1996)(noting, in the context of efficiency and uniformity, that the District Court must conduct a *de novo* review of non-core matters). See also *In re JRT, Inc. v. TCBY Systems, Inc.*, 1991 U.S. Dist. LEXIS 7888, at *4 (W.D. Mich. 1991) ("withdrawal of reference would also serve judicial economy since the bankruptcy court cannot enter final judgment on this matter") (citations omitted); *see also, Pelullo v. Kerr, Russell & Weber,* 1997 U.S. Dist. LEXIS 12324 (E.D. Pa. 1997) (withdrawing reference in recognition of the fact that "permitting this action to proceed in bankruptcy court, even for pre-trial matters, would require duplication of the bankruptcy court's efforts since defendants have not consented to entry of final judgment by the bankruptcy court").

Additionally, withdrawal of the reference will not adversely affect the uniformity of bankruptcy administration because the Plaintiff's non-core claims (a) are not brought under

bankruptcy law; (b) arose prior to and independent of the Debtor's bankruptcy; and (c) do not otherwise concern administration of the bankruptcy estate. See *In re The VWE Group, Inc.*, 359 B.R. 441, 451 (S.D.N.Y. 2007)(reaching same conclusion in context of legal malpractice claim).

Finally, other considerations, including the avoidance of forum shopping and expediting the administration of the bankruptcy, do not militate against withdrawal of the reference. In light of the fact that the District Court will ultimately be required to conduct the jury trial of this adversary proceeding, the forum shopping factor is not implicated. Additionally, withdrawal of the reference will not impede the expedited administration of the bankruptcy case, since the Complaint was filed just over a month ago, discovery has not yet commenced, and Thompson Hine is not seeking to stay the adversary proceeding. Accordingly, these considerations, like those set forth above, strongly weigh in favor of the District Court promptly withdrawing the reference of the adversary proceeding.

## CONCLUSION

For all the foregoing reasons, Thompson Hine respectfully requests that the District Court (i) immediately withdraw the reference of the Complaint to the Bankruptcy Court, and (ii) grant such other and further relief as the District Court deems just and appropriate.

DEFENDANT, THOMPSON HINE LLP
By its Attorneys,

/s/ John A. Tarantino
JOHN A. TARANTINO, #2586
jtarantino@apslaw.com
PATRICIA K. ROCHA, #2793
procha@apslaw.com
JOSEPH AVANZATO, #4774
javanzato@apslaw.com
KATY A. HYNES, #6659
khynes@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: September 19, 2007

**Within ten (10) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 19, 2007, I sent a true copy of the within *Thompson Hine LLP's Motion for Order Withdrawing the Reference and supporting Memorandum of Law* by electronic means (ECF) to the following:

Matthew J. McGowan, Esq.
mmcgowan@smsllaw.com
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903

William M. Dolan III, Esq.
wdolan@brownrudnick.com
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903

/s/ John A. Tarantino

*429274_1.doc*