UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Charles A. Pisaturo, Jr., Trustee | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **C.A. No. 07-393-ML** |
| | : | |
| Grant Schmidt, M.D. and | : | |
| Thompson Hine LLP | : | |

**REPLY MEMORANDUM OF DEFENDANT THOMPSON HINE LLP TO THE CHAPTER 7 TRUSTEE'S OBJECTION TO THOMPSON HINE LLP'S MOTION FOR ORDER WITHDRAWING THE REFERENCE**

Defendant Thompson Hine LLP ("Thompson Hine"), hereby submits this reply (the "Reply")[1] to the Chapter 7 Trustee's (the "Trustee") objection to Thompson Hine's *Motion for Order Withdrawing the Reference* (the "Objection").

## INTRODUCTION

The Trustee's Objection is premised on a single argument: Thompson Hine filed a post-petition administrative expense claim against the captioned debtor's estate, and, therefore, Thompson Hine is not entitled to a jury trial on the Trustee's malpractice complaint because the Trustee's non-core pre-petition claims for legal malpractice are now converted into core matters affecting the "claims allowance process." Although this argument might have had some merit if Thompson Hine had filed a pre-petition proof of claim for attorney fees covering *the same services* that are the subject of the Trustee's malpractice complaint, such is not the case, and

[1] Thompson Hine is also filing a separate reply with the Bankruptcy Court to the Trustee's objection to Thompson Hine's *Motion for Order Determining that Claims in the Chapter 7 Trustee's Complaint are Non-Core*.

therefore, the Trustee's Objection should be overruled and Thompson Hine’s motion should be granted.

In brief, Thompson Hine's constitutional right to a jury trial in connection with its defense to the Trustee's state law pre-petition malpractice claim cannot be abridged. The adjudication of the Trustee's malpractice complaint is not part of the bankruptcy court's "claims allowance process" because resolution of the complaint is *not required* in order to determine whether to *allow* Thompson Hine's post-petition administrative claim. There is no relation between Thompson Hine's administrative claim and the Trustee's complaint. Pursuant to the well reasoned authorities cited herein, the filing of Thompson Hine's administrative claim for post-petition gap period fees does not convert the Trustee's non-core complaint for damages arising from alleged pre-petition malpractice into a core proceeding affecting the claims allowance process.

## FACTUAL BACKGROUND

Thompson Hine's "claim" against the estate is evidenced by its *Motion for Allowance of an Administrative Expense Claim of Thompson Hine*, filed January 18, 2007 (docket no. 276)(the "Administrative Claim"). A copy of the Administrative Claim is attached hereto as Exhibit A. The Administrative Claim has *no relation* whatsoever to the allegations in the Trustee's complaint (the "Complaint") for legal malpractice against Thompson Hine. A copy of the Complaint is attached hereto as Exhibit B. As set forth in the authorities cited below, the factual distinctions between the bases for the Thompson Hine Administrative Claim and the Trustee's Complaint are critical in determining Thompson Hine's right to a jury trial on the issues raised in the Complaint.

The Administrative Claim seeks allowance of compensation for services rendered to the captioned debtor, Brushy Brook Development Company, LLC (the "Debtor"), in connection with Thompson Hine's *post-petition* services between August 16, 2005 and February 28, 2006. These services were provided to the Debtor during the so-called gap period following the filing of the involuntary petition against the Debtor on August 16, 2005.

The Trustee's Complaint, on the other hand, is based on an entirely different set of facts, all of which arose *pre-petition*. The Complaint is premised on an alleged malpractice theory that Thompson Hine, in the course of representing a different party, Dr. Grant Schmidt, did not conduct adequate due diligence, and failed to consider the risks associated with the sale to Boulder Brook Development Co., LLC of approximately 357 acres of the Debtor's property in Hopkinton, Rhode Island. The Complaint has *no relation* to the services provided by Thompson Hine post-petition for which it seeks allowance of its fees, a fact overlooked by the Trustee and one that distinguishes this case from the authorities relied on by the Trustee.h.

## ARGUMENT

### The Supreme Court Has Recognized that a Party's Right to a Jury Trial on a Claim Brought by a Bankruptcy Trustee Turns on Whether Resolution of the Claim Affects the Bankruptcy Claims Allowance Process

On several occasions, the Supreme Court has addressed the right of a party in a bankruptcy proceeding to have claims brought against it tried to a jury. In addressing the issue, the Court has continually recognized that:

> Maintenance of the jury as a fact-finding body is of such importance, and occupies so firm a place in our country's history and jurisprudence that any seeming curtailment of the right to a jury trial *should be scrutinized with the utmost care*. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 565 (1990) (quotations omitted, emphasis added).

In *Katchen v. Landy,* 382 U.S. 323 (1966), the Supreme Court held in a case under the Bankruptcy Act of 1898 that a bankruptcy referee had summary jurisdiction to adjudicate a

trustee's right to recover a voidable preference from a creditor who had filed a proof of claim against the estate. In so ruling, the Court held that by reason of Section 57(g) of the Bankruptcy Act,[2] the adjudication of the preference claim was part of the claims allowance process and thus the creditor was not entitled to have the matter determined by a jury.

Twenty years later in *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833 (1986), the Supreme Court stated:

> [I]n *Katchen v. Landy*, ... this Court upheld a bankruptcy referee's power to hear and decide state law counterclaims against a creditor who filed a claim in bankruptcy *when those counterclaims arose out of the same transaction.* We reasoned that, as a practical matter, requiring the trustee to commence a plenary action to recover on its counterclaim would be a "meaningless gesture." *Commodity Futures Trading Commission*, 478 U.S. at 852 (emphasis added).

In 1989, the Supreme Court decided *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). The issue in that case was "whether a person who has not submitted a claim against the bankruptcy estate has a right to a jury trial when sued by the trustee to recover an allegedly fraudulent money transfer." *Id.* at 36. The Supreme Court held that a jury trial right existed, and in doing so, commented on its decision in *Katchen,* stating:

> We read ... *Katchen* as holding that, under the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate[.] Because petitioners here ... have not filed claims against the estate, respondent's fraudulent conveyance action does not arise '*as part of the process of allowance or disallowance of claims.*' Nor is the action *integral to the restructuring of the debtor-creditor relations*. Congress therefore cannot divest petitioners of their Seventh Amendment right to a trial by jury. *Katchen* thus supports the result we reach today[.] 492 U.S. at 58-59 (emphasis added).

[2] The substance of section 57(g) of the Bankruptcy Act of 1898 was carried forward under the Bankruptcy Code in section 502(d). That section requires the disallowance of a pre-petition claim of any creditor from whom property is recoverable by reason of that creditor having received a preference or other avoidable transfer unless the property so transferred has been returned to the estate. Here, the Trustee has not sought to avoid any transfers to Thompson Hine, and Thompson Hine did not file any pre-petition claims against the estate. Thus, section 502(d) of the Bankruptcy Code is inapplicable to the issues raised by Thompson Hine's Motion and the Trustee's Objection.

One year later, the Supreme Court decided *Langenkamp v. Culp*, 498 U.S. 42 (1990), ruling that a creditor who had submitted a claim against the bankruptcy estate had no right to a jury trial in a preference action instituted against it by the trustee. The Court in *Langenkamp* reasoned:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. *Langenkamp*, 492 U.S. at 58-59 (internal citations omitted, emphasis in original).

**Lawsuits That Would Augment a Bankruptcy Estate But Which Have No Effect on the Allowance of a Creditor's Claim Are Not Part of the Claims Allowance Process**

Courts that have addressed the issue since *Langenkamp* have recognized on the basis of the Supreme Court's pronouncements in this area, that a party's right to a jury trial on claims brought by a trustee turns on whether the claims allowance process in bankruptcy has been triggered. As the Third Circuit observed in *Billing v. Ravin Greenberg & Zackin, P.A.*, 22 F.3d 1242 (3rd Cir. 1994):

> *Langenkamp* is the whole-hearted embrace of *Katchen* that *Granfinanciera* apparently avoided. *Langenkamp* seems to formulate a bright-line rule, holding that *creditors who file proofs of claim* against the estate are not entitled to a jury trial *on matters affecting the allowance of those claims.* *Id*. at 1248-49 (emphasis added).

The leading post-*Langenkamp* case to address this issue is *Germain v. Connecticut National Bank*, 988 F.2d 1323 (2d Cir. 1993). *Germain* involved a chapter 7 trustee's post-petition action against a bank under various lender liability theories where the bank had filed a proof of claim against the estate. *Germain* held that the post-petition lawsuit was not part of the claims-allowance process because resolution of the trustee's lawsuit *would not affect the allowance of the creditor's pre-petition claim*. *Id*. at 1327. The trustee's lawsuit, which sought money damages to compensate the estate for the alleged destruction of the debtor's business, was intended to augment the estate thereby affecting the *amount* that the defendant bank and the other creditors might recover on their claims, "but it has no effect whatsoever on the *allowance* of the Bank's claims." (emphasis in original). *Id*. at 1327. In so holding, the *Germain* court noted:

> The very phrase "claims-allowance process" suggests that the resolution of the dispute in which a jury trial is sought must affect the allowance of the creditor's claim in order to be part of that process. A preference action does so; lender liability actions generally do not. *Therefore suits like the Trustee's action in this case which would augment the estate but which have no effect on the allowance of a creditor's claim simply cannot be part of the claims allowance process.* (Emphasis supplied).

*Id*. at 1327.

As was the case in *Germain*, the lawsuit brought by the Trustee against Thompson Hine is intended to augment the estate. The Trustee seeks to recover money damages from Thompson Hine for alleged legal malpractice committed prior to the commencement of the Debtor's bankruptcy proceeding. If successful, the estate would be enlarged which, in turn, would affect the *amount* of the recovery for creditors, including those creditors which hold allowed administrative expense claims. However, as was true in *Germain*, the resolution of the Trustee's malpractice action against Thompson Hine will have no effect whatsoever on whether Thompson Hine's administrative expense claim for post-petition services provided during the gap period

will be allowed. That determination will turn on whether the claim satisfies the requirements of section 503(b) of the Bankruptcy Code. Because the resolution of the Trustee's pre-petition malpractice claim against Thompson Hine has no bearing on whether Thompson Hine's post-petition administrative expense claim is properly allowable under section 503(b), it does not affect, and is not part of, the "claims allowance process." Consequently, Thompson Hine's constitutional right to a jury trial must be recognized.

Other courts confronted with facts very similar to those in this case, have reached the same conclusion as *Germain*. In *Bowers v. McGladrey & Pullen (In re Florida Hotel Properties Ltd.)*, 163 B.R. 757 (W.D.N.C. 1994), a trustee filed an adversary proceeding against an accounting firm for breach of contract, negligent misrepresentation and fraud arising out of accounting services the firm rendered pre-petition to the debtor. The accounting firm filed a motion to withdraw the reference on the basis that it was entitled to a jury trial on the trustee's claims. The trustee opposed the motion on the basis that the accounting firm had waived its right to a jury trial by previously filing an administrative expense claim for post-petition accounting services provided to the debtor. The court rejected the trustee's argument and granted the accounting firm's motion to withdraw the reference. In so ruling, the court stated as follows:

> The Court believes the incongruity between McGladrey's post-petition administrative claims and Plaintiff's legal action for pre-petition wrongs bears mentioning. Plaintiff's claims seek to augment the bankruptcy estate by collecting damages awards arising from McGladrey's alleged pre-petition breach of contract, negligent misrepresentation and fraud. However, McGladrey's "claims" upon the bankruptcy estate have nothing to do with an antecedent debt, a pre-petition cause of action, a lien or any other sort of pre-petition outstanding right to payment typically implicated in bankruptcy proceedings. Instead, McGladrey's claims arose after Florida Hotel's bankruptcy, and because of that bankruptcy. McGladrey's claims have nothing to do with the allowance or disallowance of claims.

*Id.* at 759.

The court amplified its reasoning by noting the following:

> The post-petition claims which Plaintiff contends amount to a submission to the Bankruptcy Court's equitable jurisdiction were not, properly speaking, related to the claims allowance process …. By seeking payment for its services, McGladrey did not call upon the equitable remedies of the Bankruptcy Court to satisfy its claim. Instead, McGladrey submitted to the administrative jurisdiction of the Bankruptcy Court, not its equitable jurisdiction. *As such, the Court cannot conceive of how the claims for services rendered to the estate post-petition can be said to be part of the claims-allowance process* in such a way that equitable jurisdiction was submitted to by McGladrey and exercised over it by the Bankruptcy Court. (Emphasis supplied).

*Id*. at 759.

A similar conclusion was reached in *Lu v. Grant (In re Sunshine Trading & Transp. Co.)*, 193 B.R. 752 (Bankr. E.D. Va. 1995). There, the court rejected the trustee's argument that by having previously filed an unrelated administrative expense claim in the bankruptcy case, the plaintiff had waived his right to a jury trial in a suit brought by him against the trustee. In so ruling, the court observed that:

> The trustee also argues that Lu is not entitled to a jury trial because Lu voluntarily submitted to the equitable jurisdiction of the Court by filing of a claim for administrative expenses against the estate. We disagree with this argument. *The claim for administrative expenses had nothing to do with this claim.* A creditor, by filing a proof of claim in bankruptcy, forsakes its rights to a jury trial on any issue that bears directly on allowance of *that* claim …. *Furthermore, the filing of an administrative claim does not waive a right of jury trial when a party demands a jury trial in an unrelated proceeding.* (Citations omitted)(Emphasis in original).

*Id*. at 755.[3]

The reasoning used by the courts in *Germain*, *Florida Hotel Properties* and *Sunshine Trading* applies to the facts in this case. By filing its motion for allowance of an administrative expense claim against the Debtor, Thompson Hine did not submit to the equitable jurisdiction of

[3] The court in the *Sunshine Trading* case ultimately found that plaintiff was not entitled to a jury trial because the lawsuit had been brought against the trustee in his representative capacity, and thus constituted a claim against the estate, and there was no right to a jury trial in a suit brought against a trustee for breach of fiduciary duty. None of those facts are involved in the instant case.

the bankruptcy court and the resolution of the Trustee's malpractice complaint against Thompson Hine, which involves the furnishing of pre-petition legal services to the Debtor, is not part of the claims allowance process so as to deprive Thompson Hine of its constitutional right to a jury trial.

**The Cases Relied Upon By**
**The Trustee Are Inapposite**

The cases cited by the Trustee in his Objection are not factually on point and should be accorded no weight. *Adams v. Cumberland Farms, Inc.*, 86 F.3d 1146 (1st Cir. 1996) stands for the unremarkable proposition that the filing of a proof of claim in a bankruptcy proceeding generally waives any right to a jury trial in connection with proceedings relating to the allowance of that claim. No one disputes that. *Adams* did not involve the situation here, though, where a trustee seeks to deprive a defendant of a right to a jury trial because that defendant sought recovery of an administrative expense in an entirely unrelated proceeding.

Equally inapposite is *In re Bank of New England Corp.*, 360 B.R. 1 (D. Mass. 2007), which involved an effort by a senior debtholder to withdraw the reference of a motion for authority to make an interim distribution to a junior debtholder on the grounds that the senior debtholder was entitled to a jury trial on the issues raised by the motion. The district court refused to withdraw the reference because the senior debtholder had filed a *proof of claim* in the bankruptcy case and the issues raised in the motion for authority to make an interim distribution to the junior debtholder directly affected the claims allowance process.[4] The facts in the *Bank of New England* case bear no resemblance at all to the facts of this case.

[4] The court also held, as a separate basis for denying the request to withdraw the reference, that the request was untimely.

The other cases cited by the Trustee in his Objection are also not on point. The Trustee cites *Billing v. Ravin, Greenberg & Sackin, P.A.*, 22 F.3d 1242 (3d Cir. 1994), *In re Adelphia Communications Corp.*, 307 B.R. 404 (S.D.N.Y. 2004), and *In re Asousa Partnership*, 276 B.R. 55 (Bankr. E.D. Pa. 2002), for the proposition that in determining whether the adjudication of non-core claims against a creditor becomes part of the claims allowance process, it is immaterial whether the claims asserted by the creditor in the bankruptcy case are pre-petition or post-petition. The Trustee, however, misses the point. What each of those cases emphasizes is that the adjudication of a non-core claim against a creditor in an adversary proceeding will not be considered part of the claims allowance process unless the claim asserted against the creditor and the claim filed by the creditor in the bankruptcy case arise out of the "same transaction" or involve such a commonality of issues that the two claims are "logically connected." *See* e.g. *In re Adelphia Communications*, 307 B.R. at 411 (citing to *In re Iridium Operating LLC*, 285 B.R. 822 (S.D.N.Y. 2002)).

There is no such “logical connection” here. The Administrative Claim filed by Thompson Hine for post-petition legal services is wholly unrelated to and separate and distinct from the malpractice claim asserted by the Trustee against Thompson Hine. The claims do not arise out of the “same transaction” and they are not “logically connected.” Therefore, the resolution of the malpractice claim does not implicate in any way the claims allowance process in bankruptcy. Consequently, Thompson Hine cannot be deprived of its constitutional right to a jury trial in the adversary proceeding brought against it by the Trustee and the motion to withdraw the reference should be granted.

## CONCLUSION

For the foregoing reasons, the Trustee's Objection should be overruled and the reference of the Trustee's Complaint to the Bankruptcy Court should be withdrawn.

DEFENDANT, THOMPSON HINE LLP
By its Attorneys:

/s/ John A. Tarantino
JOHN A. TARANTINO, #2586
jtarantino@apslaw.com
PATRICIA K. ROCHA, #2793
procha@apslaw.com
JOSEPH AVANZATO, #4774
javanzato@apslaw.com
KATY A. HYNES, #6659
khynes@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: October 29, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 29, 2007, I sent a true copy of the within *Reply to the Chapter 7 Trustee's Objection to Thompson Hine's Motion for Order Withdrawing the Reference* by electronic means (ECF) to the following:

Matthew J. McGowan, Esq.
mmcgowan@smsllaw.com
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903

*Attorney for Plaintiff*
*Charles A. Pisaturo, Jr., Chapter 7 Trustee*
*for Brushy Brook Development Company, LLC*

William M. Dolan III, Esq.
wdolan@brownrudnick.com
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903

*Attorney for Grant Schmidt, M.D.*

/s/ John A. Tarantino

*433420_1.doc*