UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In Re: Brushy Brook Development Co., LLC

Debtor

Chapter 7
No. 05-13009

Charles A. Pisaturo Jr., Trustee,

Plaintiff

v.

A.P. No. 07-

Grant Schmidt, M.D. and
Thompson Hine LLP

Defendants

# COMPLAINT

This Complaint is brought by the Plaintiff to recover damages for the benefit of the above-referenced Debtor's bankruptcy estate caused by the acts and omissions of the Defendants.

**Parties**:

1. Plaintiff, Charles A. Pisaturo Jr., is the duly-appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. Defendant, Grant Schmidt, M.D. ("Dr. Schmidt"), upon information and belief is a resident of the State of Ohio and was the Manager and sole member of Brushy Brook Management Company, LLC ("Brushy Brook Management").

3. Defendant, Thompson Hine, LLP ("Thompson Hine") is limited liability partnership operating a law firm with principal offices in and doing business in Ohio, and which represented one, more and/or all of Brushy Brook Development Co., LLC, Brushy Brook Management, and Dr. Schmidt, including in his various capacities.

**Jurisdiction**

4. This adversary proceeding is within this Court's jurisdiction pursuant to the provisions of 28 U.S.C. §§157 and 1334, and the provisions of Local Rule LR Gen 109 ("Bankruptcy") of the United States District Court for the District of Rhode Island, and is a core proceeding under 28 U.S.C. §157(b)(2)(F) and (O).

**Facts:**

5. On August 16, 2005, a petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. §101 et seq.)("Code") was filed against the Debtor, Brushy Brook Development Co., LLC ("Brushy Brook" or the "Debtor").

5. Prior to the filing of the petition, Defendant, Dr. Schmidt, while being represented and advised by Defendant, Thompson Hine, caused the Debtor, including, without limitation, through his position as Manager and sole member of Brushy Brook Management, to enter into a transaction with Boulder Brook Development, LLC ("Boulder Brook") to sell approximately 357 acres of Brushy Brook's property in Hopkinton, Rhode Island to Boulder Brook (the "Hopkinton Property").

6. Defendant, Dr. Schmidt, was entrusted with the duty and responsibility of investigating and conducting due diligence in respect to all aspects of such transaction with Boulder Brook for the benefit of Brushy Brook's creditors, its equity interest holders and others.

7. Defendant, Thompson Hine, in its representation of one, more and/or all of Brushy Brook, Brushy Brook Management, and Dr. Schmidt, including in his various capacities, was requested to and was required to investigate and conduct due diligence in respect to all aspects of such transaction with Boulder Brook for the benefit of Brushy Brook's creditors, its

equity interest holders and others, and was requested to and was required to consult with and to provide information, guidance, counsel and advice to Defendant, Dr. Schmidt, in connection therewith.

**Count I**
**(Breach of Fiduciary and Other Duties)**

8. The Plaintiff hereby incorporates the allegations set forth in paragraphs 1-7 hereof.

9. Dr. Schmidt failed to carry out his duties, including, without limitation, his fiduciary duties, his duties of care and loyalty to Brushy Brook, its creditors, equity interest holders and others, and Thompson Hine similarly failed to carry out its duties, including, without limitation, its fiduciary duties, duties of care and loyalty to Brushy Brook, its creditors, equity interest holders and others, and his and their responsibilities identified above by causing and allowing the Debtor to enter into the referenced transaction with Boulder Brook without having conducted an appropriate investigation and due diligence.

10. Among other failings, Dr. Schmidt and Thompson Hine failed to investigate and consider the risks associated with, as part of the Boulder Brook transaction, his and its causing and allowing Brushy Brook to agree to take back financing of approximately $3.227 million. Included in this, Dr. Schmidt and Thompson Hine failed to investigate and consider the risks associated with such seller financing being deeply subordinated to upwards of $9.0 million of debt of Boulder Brook to its lender, Realty Financial Partners or an affiliate entity, LR6-A (collectively "RFP"), to that RFP financing being at an extraordinarily high rate of interest, with an exceptionally high amount of minimum interest being charged and considered earned at the outset on such RFP financing, and with the Boulder Brook principals having only "phantom" guaranties of their obligations to Boulder Brook.

11. Dr. Schmidt's consent to and approval of the transaction with Boulder Brook was undertaken without adequate or the requisite level of inquiry, analysis or review by him and Thompson Hine, without sufficient due diligence and without the level of care required of Dr. Schmidt and Thompson Hine under applicable law, all of which resulted in a breach of Dr. Schmidt's and Thompson Hine's fiduciary duties and other duties and responsibilities, including, without limitation, those of care and loyalty to Brushy Brook's creditors, equity interest holders and others.

12. Dr. Schmidt's and Thompson Hine's acts, failings, omissions and breaches in this regard have resulted in substantial losses and damages to Brushy Brook, its creditors, equity interest holders and others of not less than $3.227 million, plus interest thereon and attorneys fees.

**Count II**
**(Negligence)**

13. The Plaintiff hereby incorporates the allegations set forth in paragraphs 1-12 hereof.

14. Dr. Schmidt's and Thompson Hine's actions, failings and omissions in this regard were negligent, with Thompson Hine's actions, failings and omissions also constituting professional malpractice.

15. Dr. Schmidt's and Thompson Hine's negligence, jointly and/or severally and otherwise, have caused and will continue to cause substantial losses to Brushy Brook, its creditors and equity interest holders of not less than $3.227 million, plus interest thereon and attorneys fees.

WHEREFORE, the Plaintiff prays that the Court determine, declare and enter judgment

for the Plaintiff as follows:

A. Declare that the Defendants are liable to the Plaintiff for an amount of not less than $3.227 million, plus interest thereon and his attorney's fees and costs and expenses.

B. Direct the Defendants pay over forthwith to the Plaintiff such sums; and

C. Grant the Plaintiff such other and further relief as the Court deems just.

Charles A. Pisaturo, Jr., Chapter 7 Trustee
By his Attorney,

August 14, 2007

/s/ Matthew J. McGowan
Matthew J. McGowan, Esquire
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
(401) 274-0300
(401) 453-0073 Fax
(Bar No. 2770)