UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES A. PISATURO, JR., TRUSTEE,<br><br>*Plaintiff,*<br><br>vs.<br><br>GRANT SCHMIDT, M.D. and<br>THOMPSON HINE LLP,<br><br>*Defendants.* | ) | C.A. No. 07-393-ML |

**REPLY MEMORANDUM OF DEFENDANT GRANT SCHMIDT, M.D. TO THE CHAPTER 7 TRUSTEE'S OBJECTION TO THE MOTION FOR ORDER WITHDRAWING THE REFERENCE**

Defendant Grant Schmidt, M.D. ("Dr. Schmidt"), by and through his undersigned counsel, hereby replies to the objection of the Chapter 7 Trustee (the "Trustee") to the Motion for Order Withdrawing the Reference (the "Objection").

**INTRODUCTION**

In his Objection, the Trustee admits that the adversary proceeding was filed with the premise that Dr. Schmidt was allegedly negligent and in breach of his fiduciary and other duties owed to Brushy Brook Development Company, LLC (the "Debtor") and to others. The Objection, however, fails to connect these allegations to the Proof of Claim filed by Dr. Schmidt in the Debtor's estate. Pursuant to the authorities cited herein, the filing of Dr. Schmidt's Proof of Claim does not convert the Trustee's non-core complaint in the adversary proceeding for

alleged negligence and breach of fiduciary duties into a core proceeding affecting the claims allowance process.[1]

## FACTUAL BACKGROUND

On or about August 16, 2005 certain petitioning creditors filed an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code against the Debtor. On March 1, 2006, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code. On March 3, 2006, the Trustee was appointed to the Debtor's estate. Dr. Schmidt filed a Proof of Claim in the Debtor's estate on September 21, 2006 for monies loaned to the Debtor by Dr. Schmidt. A copy of the Proof of Claim is attached hereto as *Exhibit A*.

On August 15, 2007, the Trustee filed his complaint (the "Complaint") against Thompson Hine LLP ("Thompson Hine") and Dr. Schmidt seeking monetary damages under various legal theories. In the Complaint, the Trustee asserts two causes of action against Dr. Schmidt: breach of fiduciary and other duties (Count I) and negligence (Count II) arising from a pre-petition transaction of the Debtor with Boulder Brook Development ("Boulder Brook"). The transaction involved the selling of approximately 357 acres of the Debtor's property in Hopkinton, Rhode Island to Boulder Brook. A copy of the Complaint is attached hereto as *Exhibit B*. The Complaint alleges that Dr. Schmidt was entrusted with the duty and responsibility of investigating and conducting due diligence in respect to all aspects of the transaction with Boulder Brook for the benefit of the Debtor's creditors, its equity interest holders and others. The Complaint alleges that Dr. Schmidt failed to carry out his duties, including, without limitation, his fiduciary duties, his duties of care and loyalty to the Debtor, its creditors, equity

[1] In addition to the authorities cited herein, Dr. Schmidt hereby incorporates the arguments and authorities cited in Thompson Hine's Reply Memorandum to the Chapter 7 Trustee's Objection to its Motion for Order Withdrawing the Reference filed with this Court on October 29, 2007.

interest holders and others by causing and allowing the Debtor to enter into the transaction with Boulder Brook without having conducted an appropriate investigation and due diligence. The Complaint further alleges that these alleged failings resulted in Brushy Brook agreeing to take back seller financing of approximately $3.227 million. The Complaint demands judgment against Dr. Schmidt and Thompson Hine for an amount of not less than $3.227 million, plus interest, attorneys' fees, costs and expenses.

In contrast, Dr. Schmidt's Proof of Claim outlines various loans made by him to the Debtor pre-petition with the outstanding balance of $305,115.44. In short, the facts of the Complaint and of the Proof of Claim are wholly unrelated to the disposition of either and will have no affect on the other.

## ARGUMENT

The adversary proceeding brought by the Trustee against Dr. Schmidt is intended to augment the estate. See Germain v. Connecticut National Bank, 988 F.2d 1323 (2d Cir. 1993). Germain held that the post-petition lawsuit was not part of the claims-allowance process because resolution of the trustee's lawsuit would not affect the allowance of the creditor's pre-petition claim. Id. at 1327. The Germain court held that "[t]he very phrase "claims-allowance process" suggests that the resolution of the dispute in which a jury trial is sought must affect the allowance of the creditor's claim in order to be part of that process. A preference action does so; lender liability actions generally do not. Therefore suits like the Trustee's action in this case which would augment the estate but which have no effect on the allowance of a creditor's claim simply cannot be part of the claims allowance process." Id. at 1327.

As noted above, the Trustee's Complaint[2] alleges negligence and breach of fiduciary duties and damage amounts of over $3 million. Dr. Schmidt's proof of claim merely requests monies loaned the Debtor pre-petition in amounts totaling only $300,000. Accordingly, as in Germain, the resolution of the Trustee's negligence and breach of fiduciary duties claims against Dr. Schmidt have no bearing on whether Dr. Schmidt's claim for monies loaned is properly allowable. It does not affect and is not part of the "claims allowance process." Consequently, Dr. Schmidt's constitutional right to a jury trial must be recognized and the motion to withdraw the reference should be granted.

## CONCLUSION

For the foregoing reasons, the Trustee's Objection should be overruled and the reference of the Trustee's Complaint to the Bankruptcy Court should be withdrawn.

**GRANT SCHMIDT, M.D.,**

By his Attorneys,

/s/ William M. Dolan III

William M. Dolan III (#4524)
**Brown Rudnick Berlack Israels LLP**
121 South Main Street
Providence, RI 02903
(401) 276-2600
(401) 276-2601 Fax

Date: November 7, 2007

---

[2] The Objection alludes to a separate adversary proceeding commenced by the Trustee against Dr. Schmidt alleging that Dr. Schmidt received numerous payments in a preferential and/or fraudulent manner. That action has not been consolidated with the within action and in fact Dr. Schmidt's answer in that proceeding does not request a jury trial nor motion for a non-core determination.

**CERTIFICATION**

I hereby certify that on November 7, 2007, I caused this document to be electronically filed with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

- Matthew J. McGowan, Esq. mmcgowan@smsllaw.com
- John A. Tarantino, Esq. jtarantino@apslaw.com
- Joseph Avanzato, Esq. javanzato@apslaw.com
- Katy A. Hynes, Esq. khynes@apslaw.com
- Patricia K. Rocha, Esq. procha@apslaw.com

/s/ William M. Dolan III
William M. Dolan III

# 50229875 v1 - MEDEIRD - 027079/0001